**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-4411**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEANDRE ANTONIO BOYD,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:21-cr-00384-CCE-1)

───────────

Submitted:  January 17, 2023                              Decided:  January 19, 2023

───────────

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deandre Antonio Boyd pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The district court imposed a sentence of 96 months' imprisonment, which fell within the Sentencing Guidelines range established at sentencing.  On appeal, Boyd's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the substantive reasonableness of Boyd's sentence.  Although advised of his right to do so, Boyd has not filed a supplemental pro se brief.  We affirm.

We review the sentence imposed by the district court for reasonableness "under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  In doing so, we first examine the sentence for "significant procedural error," which includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  *Id.* at 51; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).  If there is no significant procedural error, we then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances."  *Gall*, 552 U.S. at 51.  A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against 18 U.S.C. § 3553(a) factors."  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

The district court correctly calculated Boyd's Guidelines range, considered the § 3553(a) factors, and adequately explained its reasons for imposing a 96-month sentence. Based on the factors identified by the district court, we conclude that Boyd has failed to rebut the presumption of reasonableness.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Boyd, in writing, of the right to petition the Supreme Court of the United States for further review. If Boyd requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Boyd.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3